SAM CROWELL, Respondent, *v.* CHARLES J. COHEN and Others, Appellants.*

Supreme Court, Appellate Term, First Department, April 12, 1934.

*George Lion Cohen* [*Arnold J. Malkin* of counsel], for the appellants.

*Joseph Rolnick,* for the respondent.

PER CURIAM. The contract between the customer and broker involving a margin account contained the following provision: " You [the brokers] shall have the right, whenever in your absolute and unrestricted discretion you consider it necessary for your own protection to sell all or any of my securities and commodities of which I [the customer] may be short, and to close any or all out-

* Revg. 149 Misc. 872.

standing contracts, all without demand for margin or additional margin, notice of sale or purchase or other notice of advertisement, even though demands for margin or notice of sale or purchase were given or attempted to be given to me in one or more instances prior thereto, or in the same instance."

The broker called for the deposit of additional margin and notified the customer that in default thereof the latter's securities would be sold at a certain time and place. No additional margin having been deposited and no affirmative step having been taken by the customer, the broker sold out the account several hours after the time specified in the original written notice, without giving any further notice of sale to the customer. In view of the specific provisions of the contract, and no affirmative direction having been given by the customer, the broker had the right to refrain from selling at the time specified in the notice and to sell thereafter without any further notice. The broker in such case may not be charged with loss occasioned by the difference in the price of the securities between the time fixed for the sale in the original notice and the time of the actual sale. (*Klapp* v. *Bache*, 229 App. Div. 415; affd., 255 N. Y. 550; *Bond* v. *Winston*, 235 App. Div. 841.)

Order reversed, with ten dollars costs, and motion granted.

All concur; present, LYDON, FRANKENTHALER and SHIENTAG, JJ.